IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                 CRIMINAL NO. 1:05cr12WJG-RHW-1

THOMAS RICHARD BUTERA, JR.

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petition to adjudicate the validity of child support

interest in seized property [62-1] filed by the Mississippi Department of Human Services on

behalf of the Los Angeles County Child Support Services Department and Donna Davidge

Butera [referred to collectively as "Petitioners"].  After due consideration of the arguments,

evidence of record, applicable law, and being otherwise advised in the premises, the Court finds

as follows:

On November 16, 1993, a Judgment of Divorce was entered by a Louisiana state court

against Defendant Thomas Richard Butera, Jr., wherein Donna Butera was awarded sole custody

of the minor child, Thomas Richard Butera, III, and child support in the amount of $600.00

monthly to be paid in two equal installments, which became effective September 1, 1992.  (Ct.

R., Doc. 62, Exh. 1.)  According to Donna Butera, Defendant paid $6,000 in child support in

1996 but paid nothing else, leaving him in arrears in the amount of $91, 200 as of February 9,

2006.  (Ct. R., Doc. 62, Exhs. 2-4.)  In June 2004, Donna Butera opened a child support case

with the Los Angeles County Child Support Services Department for collection and enforcement

of current and past due child support.  (Ct. R., Doc. 62.)  On or about August 18, 2005, an

enforcement packet was provided to the Mississippi Department of Human Services for enforcement of the Louisiana Judgment of Divorce.  (Ct. R., Doc. 62.)

On January 27, 2005, a criminal complaint was filed against Defendant for conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine.  (Ct. R., Doc. 1.)  Such criminal conduct was alleged to have taken place from June 2004 through December 2004.  (Ct. R., Doc. 1.)  Defendant eventually pleaded guilty, and an agreed preliminary order of forfeiture was entered regarding certain property, including cash, a cashiers check and bank accounts.  (Ct. R., Doc. 42.)  After ancillary proceedings were commenced in accordance with 21 U.S.C. § 853(n), Petitioners filed the instant motion to adjudicate Donna Butera's interest in the seized property for payment of child support arrears.  (Ct. R., Doc. 62.) The United States of America [United States] maintains that Petitioners lack standing or have failed to state a claim upon which relief can be granted.  (Ct. R., Doc. 70.)

Regarding the interests of third-parties in property subject to criminal forfeiture, 21 U.S.C. § 853 provides in pertinent part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. § 853(n)(2).  After reviewing the petition (and after a hearing if necessary), the Court must determine whether the petitioner has established by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

-2-

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

21 U.S.C. § 853(n)(6)(A), (B).  The present issue does not involve a bona fide purchaser of property, thus the Court need only address the considerations in subsection (A).

The United States asserts that Petitioners do not have standing to challenge the forfeiture because "Petitioners have not perfected any legal right, title or interest in the Defendant Property that would be superior to any right, title or interest of the Defendant."  (Ct. R., Doc. 71, p. 5.) Petitioners bear the burden of alleging all the elements necessary to recover, including those relating to standing.  *U.S. v. Dempsey*, 55 F.Supp.2d 990, 992 (E.D. Mo. 1998).  Particularly, "a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture."  *U.S. v. $364,960 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir. 1981); *U.S. v. Perkins*, 382 F.Supp.2d 146, 148 (D. Me. 2005).  As noted by another district court:

> The standing provision of Section 853 permits only two narrow categories of third parties to petition the court for a hearing. The first category [subsection (A)] is comprised of claimants who had a legal interest in the property that, at the time of the commission of the acts giving rise to the forfeiture, was vested in [them] rather than the defendant or was superior to the interest of the defendant.

*U.S. v. East Carroll Correctional Systems, Inc.*, 14 F.Supp.2d 851, 852-53 (W.D. La. 1998) (internal citations and quotations omitted).

"In a federal forfeiture action, ownership interests are defined by state law, and the federal forfeiture statutes determine whether those property interests must be forfeited to the government."  *East Carroll*, 14 F.Supp.2d at 853.  Petitioners have not responded to the United States' arguments, nor did the petition provide any state authority to show that Donna Butera's

interest in the particular funds seized was vested in her rather than Defendant or was superior to that of Defendant.  At this juncture, the most that may be said is that Donna Butera is a judgment creditor of Defendant based on the Judgment of Divorce, but such possible status does not address whether Donna Butera's interest in the seized funds is superior to that of Defendant.  *See U.S. v. Perkins*, 382 F.Supp.2d 143, 144 (D. Me. 2005) ("Unsecured general creditors do not usually have standing to assert a legal interest superior to that of the Government").  "Typically, standing alone, a child support obligation is not sufficient to create a legal interest in a *particular, specific* asset." *Id.* at 145.  *See Dempsey*, 55 F.Supp.2d at 993-94.

Based on the foregoing, it appears that Petitioners have failed to establish standing to challenge the forfeiture of the disputed funds.  The Court will, however, grant Petitioners an additional ten days to amend the petition to provide state authority, if any exists, that would show that Donna Butera has a legal right to the forfeited funds superior to that of Defendant.  It is therefore,

ORDERED that Petitioners shall file an amended petition within ten days from the date of entry of this Order or by no later than May 12, 2006.

SO ORDERED AND ADJUDGED this the 2nd day of May, 2006.


_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE