IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                                    CRIMINAL NO. 1:05cr12WJG-1

THOMAS RICHARD BUTERA, JR.


O R D E R


This cause is before the Court on United States of America's [United States]  motion [78-1] to dismiss the amended petition [76-1] to adjudicate the validity of child support interest in seized property filed by the Mississippi Department of Human Services on behalf of the Los Angeles County Child Support Services Department and Donna Davidge Butera [referred to collectively as Petitioners].  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On November 16, 1993, a Judgment of Divorce was entered by a Louisiana state court against Defendant Thomas Richard Butera, Jr., wherein Donna Butera was awarded sole custody of the minor child, Thomas Richard Butera, III, and child support in the amount of $600.00 monthly to be paid in two equal installments, which became effective September 1, 1992.  (Ct. R., Doc. 76, Exh. 1.)  According to Donna Butera, Defendant paid $6,000 in child support in 1996 but paid nothing else, leaving him in arrears in the amount of $91,200 as of February 9, 2006.  (Ct. R., Doc. 76, Exhs.2-4.)  In June 2004, Donna Butera opened a child support case with the Los Angeles County Child Support Services Department for collection and enforcement of current and past due child support.  (Ct. R., Doc. 76.)  On or about August 18, 2005, an

enforcement packet was provided to the Mississippi Department of Human Services for enforcement of the Louisiana Judgment of Divorce.  (Ct. R., Doc. 76.)

On January 27, 2005, a criminal complaint was filed against Defendant for conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine.  (Ct. R., Doc. 1.)  Such criminal conduct was alleged to have taken place from June 2004 through December 2004.  (Ct. R., Doc. 1.)  Defendant eventually pleaded guilty, and an agreed preliminary order of forfeiture was entered regarding certain property, including cash, a cashiers check and bank accounts.  (Ct. R., Doc. 42.)  After ancillary proceedings were commenced in accordance with 21 U.S.C. § 853(n), Petitioners filed a petition to adjudicate Donna Butera's interest in the seized property for payment of child support arrears and after Order of this Court, filed an amended petition providing further grounds for the petition.  (Ct. R., Doc. 62, 76.)  The United States  maintains that Petitioners lack standing or have failed to state a claim upon which relief can be granted.  (Ct. R., Doc. 79.)

Regarding the interests of third-parties in property subject to criminal forfeiture, 21 U.S.C. § 853 provides in pertinent part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. § 853(n)(2).  After reviewing the petition (and after a hearing if necessary), the Court must determine whether the petitioner has established by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the

>commission of the acts which gave rise to the forfeiture of the property under this section; or
>
>(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

21 U.S.C. § 853(n)(6)(A), (B).  The present issue does not involve a bona fide purchaser of property, thus the Court need only address the considerations in subsection (A).

The United States asserts that Petitioners do not have standing to challenge the forfeiture because "Petitioners have not perfected any legal right, title or interest in the Defendant Property that would be superior to any right, title or interest of the Defendant." (Ct. R., Doc. 79, p. 4.)  Petitioners bear the burden of alleging all the elements necessary to recover, including those relating to standing.  *U.S. v. Dempsey,* 55 F.Supp.2d 990, 992 (E.D. Mo. 1998).  Particularly, "a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture."  *U.S. v. $364,960 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. 1981); *U.S. v. Perkins,* 382 F.Supp.2d 146, 148 (D. Me. 2005).  As noted by another district court:

>The standing provision of Section 853 permits only two narrow categories of third parties to petition the court for a hearing. The first category [subsection (A) ] is comprised of claimants who had a legal interest in the property that, at the time of the commission of the acts giving rise to the forfeiture, was vested in [them] rather than the defendant or was superior to the interest of the defendant.

*U.S. v. East Carroll Correctional Systems, Inc.*, 14 F.Supp.2d 851, 852-53 (W.D. La. 1998) (internal citations and quotations omitted).

"In a federal forfeiture action, ownership interests are defined by state law, and the federal forfeiture statutes determine whether those property interests must be forfeited to the government." *East Carroll,* 14 F.Supp.2d at 853.  The statute at issue is Mississippi Code Annotated section 93-11-71, which states in pertinent part:

> (1) Whenever a court orders any person to make periodic payments of a sum certain for the maintenance or support of a child, and whenever such payments as have become due remain unpaid for a period of at least thirty (30) days, a judgment by operation of law shall arise against the obligor in an amount equal to all payments which are then due and owing.
>
> (a) A judgment arising under this section shall have the same effect and be fully enforceable as any other judgment entered in this state. A judicial or administrative action to enforce said judgment may be commenced at any time; and
> (b) Such judgments arising in other states by operation of law shall be given full faith and credit in this state.
>
> (2) Any judgment arising under the provisions of this section shall operate as a lien upon all the property of the judgment debtor, both real and personal, which lien shall be perfected as to third parties without actual notice thereof only upon enrollment on the judgment roll.
>
> * * *
>
> (3) Notwithstanding the provisions in paragraph (2), any judgment arising under the provisions of this section shall subject the following assets to interception or seizure without regard to the entry of the judgment on the judgment roll of the situs district or jurisdiction:
>
> * * *
>
> (c) Assets held in financial institutions;

MISS. CODE ANN. § 93-11-71(1)(a)(b), (2) and (3)(c). The present issue is whether section 93-11-71 vests in Petitioners, rather than Defendant, a legal interest in the property subject to forfeiture or an interest in the property superior to that of Defendant.  *See United States v. Fuchs*, No. 3:02-

CR-369-P, 2005 WL 440429, at *2 (N.D. Tex. Feb. 23, 2005).  Research indicates that section 93-11-71 has not been examined by a court in the present context, or any other, and thus, presents a matter of first impression for this Court.

Section 93-11-71 provides several legal benefits to those seeking payment of delinquent child support, including an expedited proceeding for collecting the debt.  Section 93-11-71 provides that delinquent child support payments become a judgment by operation of law, as effective and enforceable as any other judgment.  MISS. CODE ANN. § 93-11-71(1)(a).  Additionally, foreign support judgments are given full faith and credit.  MISS. CODE ANN. § 93-11-71(1)(b).  The parties do not dispute that the delinquent child support payments, derived from the Louisiana Judgment of Divorce, act as a judgment by operation of law applicable in Mississippi.  Equally, it is undisputed that the judgment arising from the unpaid child support operates as a lien on Defendant's property but that said lien has not been perfected by enrolling it on the judgment roll of any county in Mississippi.  *See* MISS. CODE ANN. § 93-11-71(2).

Regardless of Petitioners' failure to enroll the judgment, subsection (3) of section 93-11-71 subjects certain assets, including assets held in a financial institution, to immediate interception and seizure regardless of whether the judgment has been enrolled.  MISS. CODE ANN. § 93-11-71(3)(c).  Thus, the issue may be further refined by asking whether the provision of an expedited execution on the judgment vests Petitioners with a legal interest in the funds subject to forfeiture or an interest superior to the Defendant.

"The force of a judgment lien must depend upon the statute which gives it."  *First Nat. Bank of Commerce v. Donald*, 73 So. 723, 724 (Miss. 1917).  Section 93-11-71 provides that delinquent child support payments create a judgment by operation of law that in turn operates as

a lien against the obligor's property, with both judgment and lien being treated in the customary manner.  Although an expedited execution process is set out in subsection (3), section 93-11-71 does not place a support judgment and lien in a special position of priority in comparison to competing claims or interests, such as those of the United States in the present context.  As this Court has previously found, "the authority to levy is merely a means of collection and not determinative of the relative priority."  *Simmons v. Thomas*, 827 F. Supp. 397, 401 (S.D. Miss. 1993) (Russell, J.) (examining the exemption of child support payments from administrative levy in the context of a federal tax lien).  Consequently, section 93-11-71(3) does not create in Petitioners a legal right or interest to the funds superior to that of the Defendant at the time of the commission of the acts which gave rise to the forfeiture of the funds.

Even if the Court assumed that the practical functioning of section 93-11-71(3) deemed the judgment lien enrolled by operation of law, such would not vest Petitioners with a legal interest in the funds.  As noted by this Court, "[a] judgment lien only attaches to real property and tangible personal property of the defendant, and it does not attach to intangible property upon enrollment."  *Simmons*, 827 F. Supp. at 401(citing *Simmons-Belk, Inc. v. May*, 283 So.2d 592 (Miss. 1973)).  *See Grenada Bank v. Wiley*, 694 F.2d 85, 87 (5th Cir. 1982); *Greenville Riverboat, LLC v. Less, Getz and Lipman, P.L.L.C.*, 131 F. Supp. 2d 842, 846 (S.D. Miss. 2000).  Intangible personal property includes money, bank notes and evidences of debt, such as those funds at issue here.  *See Simmons* at 401 (citing MISS. CODE ANN. § 13-3-133).  In Mississippi, a judgment lien does not attach to intangible property until execution.

As noted by the Mississippi Supreme Court, "[t]he lien, being a general lien, before levy of execution, is merely a charge upon the property; it is not a right in it or to it; it is only a right

of satisfaction to be had out of it." *First Nat. Bank*, 73 So. at 724.  "Typically, standing alone, a child support obligation is not sufficient to create a legal interest in a *particular, specific* asset." *U.S. v. Perkins*, 382 F.Supp.2d 143, 145 (D. Me. 2005).  *See U.S. v. Dempsey*, 55 F.Supp.2d 990, 993-94 (E.D. Mo. 1998).  Having failed to execute on the judgment, the most that may be said is that Donna Butera is a general judgment creditor of Defendant based on the Judgment of Divorce, and such status does not vest in Petitioners instead of Defendant a legal right or interest in the funds subject to forfeiture.  Consequently, the United States' motion to dismiss should be granted and Petitioners' amended petition dismissed with prejudice.  It is therefore,

ORDERED AND ADJUDGED that the United States' motion to dismiss [78-1] be, and is hereby, granted.  It is further,

ORDERED AND ADJUDGED that Petitioners' amended petition [76-1] to adjudicate the validity of child support interest in seized property be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 13th day of September, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE