IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 1:05cr12WJG-RHW-1

THOMAS RICHARD BUTERA
a/k/a Rich

FINAL ORDER OF FORFEITURE

THIS MATTER is before the Court on motion [93] of the United States of America

[United States] for a final order of forfeiture regarding Defendant Thomas Richard Butera.

The Court entered an Agreed Preliminary Order of Forfeiture on August 24, 2005,

regarding this Defendant directing forfeiture pursuant to Title 21, United States Code, Section

853 and the Federal Rules of Criminal Procedure, ordering the Defendant to forfeit the following

property:

**PERSONAL PROPERTY**

$13,163.00 in U.S. Currency

$30,000.00 Hancock Bank Cashiers Check

2003 22 ft. Pace Enclosed Trailer
VIN: 4FPWB242X4G080488

Whitney Bank account number 0740422308, in the name of T. Richard Butera, Jr., 109 Ironwood
Cove, Pass Christian, Mississippi

Whitney Bank account number 0740011863, in the name of Butera Design LLC, 109 Ironwood
Cove, Pass Christian, Mississippi (the "Butera Design #1 account")

Hancock Bank account number 01-290-1609, in the name of Butera Design LLC, 109 Ironwood Cove, Pass Christian, Mississippi (the "Butera Design #2 account").

(Ct. R., Doc. 42, p.)  After a review of the record in this cause, the Court finds as follows:

The Defendant had an interest in the property that is subject to forfeiture pursuant to Title 21, United States Code, Section 853.  The United States caused to be published in *The Sun Herald*, a newspaper of general circulation in Harrison County, Mississippi where the property is located, providing notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and as specified in the Agreed Preliminary Order of Forfeiture, and further notifying all third parties of their right to petition the Court within 30 days for a hearing to adjudicate the validity of their alleged legal interest in the property.  (Ct. R., Doc. 58).  The United States provided direct written notice of the forfeiture, which was issued by the Clerk of Court on November 18, 2005, (Ct. R., Doc. 48), by certified mail to potential petitioners known to have a possible interest in the property.

On January 18, 2006, the Los Angeles County Child Support Department filed a petition on behalf of Donna Davidge Butera in response to the Notice of Forfeiture (Ct. R., Doc. 52.)  On February 15, 2006, the Mississippi Department of Human Services [MDHS] filed a petition on behalf of the Los Angeles County Child Support Department (Ct. R., Doc. 62).  This Court issued its Memorandum Opinion and Order on May 2, 2006, requiring that the MDHS file an amended petition by no later than May 12, 2006, addressing certain issues as outlined therein. (Ct. R., Doc.74.)  Prior to the expiration of that deadline on May 10, 2006, MDHS filed its amended petition.  (Ct. R., Doc. 76.).

This United States filed a motion to dismiss the amended petition on May 18, 2006, (Ct. R., Doc. 78), which was ultimately granted on September 13, 2006, effectively dismissing the petition filed by MDHS.

To date, there have been no other claims, petitions, or other pleadings filed by any other person or entity, and the 30-day period for filing claims has long since expired. The Court finds the United States has taken all reasonable and practical measures to insure that direct written notice was given to and received by all persons or entities known, or those who through the exercise of reasonable diligence should have been known, to have an alleged interest in the property and to insure that all persons or entities having or claiming an interest who have not received direct written notice received notice by publication. The Court further finds the direct written notice and the publication were in accordance with law and were proper and all such persons or entities were afforded due process of law in all respects. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the above described personal property be, and is hereby, forfeited to the United States of America pursuant to Title 21, United Stated Code, Section 853. It is further,

ORDERED, ADJUDGED AND DECREED that all right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law. It is further,

ORDERED, ADJUDGED AND DECREED that the above-described personal property is hereby remanded to the custody of the United States Marshal Service for disposition in accordance with law and regulations. It is further,

ORDERED, ADJUDGED AND DECREED that the Marshal is directed to sell the 2003 22' Pace Enclosed Trailer in accordance with law and regulations and that any proceeds remaining shall be retained by the Marshal in the appropriate asset forfeiture fund for use and distribution in accordance with law and regulations.  It is further,

ORDERED AND ADJUDGED, that this judgment fully and finally concludes all issues and proceedings, judicial or administrative, in the asset forfeiture segment of this case and it is hereby closed for all purposes.  It is further,

ORDERED AND ADJUDGED the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.  It is further,

ORDERED AND ADJUDGED that the Clerk of the Court shall forward seven  certified copies of this Order to the United States Attorney's Office, 1575 20th Avenue, Gulfport, Mississippi  39501.

SO ORDERED AND ADJUDGED this the 4th  day of October, 2006.


_Walter J. Gex III_
UNITED STATES SENIOR DISTRICT JUDGE